Stephen W. Rupp, Trustee (2824)
**McKAY, BURTON & THURMAN**
Attorneys for Trustee/Plaintiff
15 West South Temple, Suite 1000
Salt Lake City, UT 84101
Telephone: (801) 521-4135
Telefax: (801) 521-4252

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | : Bankruptcy No. 14-30433 |
| JOEY OZUNA, | (Chapter 7) : |
| Debtor. | : |
| STEPHEN W. RUPP, TRUSTEE, | : Adversary Proceeding No. |
| Plaintiff, | : |
| -vs- | : |
| JOEY OZUNA, | : |
| Defendant. | : |

## COMPLAINT

The Plaintiff, Stephen W. Rupp, complains and alleges of Defendant as follows:

### GENERAL ALLEGATIONS

1. The Defendant is a resident of Salt Lake County in the State of Utah and a debtor before this Court pursuant to the filing of a voluntary Chapter 13 Petition by the Defendant on October 1, 2014 which was eventually converted to Chapter 7 on August 25, 2015.

2. The Plaintiff, Stephen W. Rupp, is the Trustee duly appointed for the Chapter 7 estate of the Defendant.

3. The jurisdiction of this Court is properly invoked under 28 U.S.C. §157 and §1334 and by General Order of Reference (DUCivR 83-7.1) from the United States District Court for the District of Utah. The matter is a core proceeding under 28 U.S.C. §157(b). Venue is proper in the Central Division for the District of Utah.

4. The Defendant voluntarily filed a Chapter 13 petition on October 1, 2014.

5. The Defendant filed a prior 13 on May 11, 2012, Case No. 12-26103. The case was dismissed on April 23, 2013.

6. The Defendant filed a Chapter 13 plan on October 1, 2014 (Doc. 2). The plan provided at paragraph 1(c) as follows, "for the next three years of 2014, 2015 and 2016, the debtor shall pay into the plan yearly State and Federal tax refunds that, when combined, exceed $1,000.00 or $2,000.00 in the event the refunds are a result of receiving the earned income credit and the additional child tax credit or either, then the excess of $2,000.00 shall be contributed to the plan." The plan also provided at paragraph 10 in pertinent part, "the debtor shall pay into the plan the net total amount of yearly State and Federal tax refunds that exceed $1,000.00 for each of the tax years identified in such section [Section 1]."

7. The Chapter 13 plan was confirmed by Order entered February 9, 2015. The confirmation order specifically provided at paragraph 6 the following, "Contribution To The Plan of Tax Refunds Over The Next Three Years. In addition to the monthly plan payments required above, the debtor shall also pay into the plan the total amount of yearly State and Federal tax refunds that in the aggregate exceed $1,000.00."

8. Since the confirmation order, the Chapter 13 Trustee filed four motions to dismiss. The first motion to dismiss was filed on account of "taxes" on May 13, 2015 (Doc. #19). The second was filed on August 3, 2015 "for failure to submit tax refunds" (Doc. #25). The third was filed on

2

August 17, 2015, "motion to dismiss (non-payment)" (Doc. #26). Another motion to dismiss was filed on August 21, 2015 (Doc. #27).

9. On August 25, 2015, the debtor filed a notice of voluntary conversion to Chapter 7 (Doc. #28).

10. The First Meeting of Creditors in the converted Chapter 7 case was conducted on October 6, 2015. In preparation for that First Meeting of Creditors, the Defendant produced a copy of an amended 2014 tax return. The date and filing of the amended tax return was unconfirmed.

11. According to the amended 2014 tax return, the Defendant had already a Federal refund of $3,412.00. The documents provided did not identify the amount of the State refund which the Defendant received.

12. The Defendant admitted at the First Meeting of Creditors that no portion of the Defendant's 2014 tax refunds actually received by the Defendant were turned over to the Chapter 13 Trustee. There was no turnover of any refunds by the Defendant to the Chapter 13 Trustee in keeping with the promises and representations of the Defendant in his Chapter 13 plan and in compliance with the Court's confirmation order requiring contribution of a portion of the tax refunds to the Chapter 13 plan.

13. The Defendant did not return any of the refunds to the IRS or Utah State Tax Commission.

14. At the First Meeting and in the context of the First Meeting, the Plaintiff issued a directive requesting in writing full and complete copies of the 2014 State and Federal tax returns originally filed, amendments to Schedule I and J, and a copy of the Defendant's divorce decree.

15. On October 14, 2015, the Plaintiff made a written request to the Defendant to turnover the portion of his 2014 tax returns which would have been property of the bankruptcy estate

according to the October 1, 2015 date of petition. This amount was approximately $2,559.00. The Plaintiff also requested in writing turnover of approximately 2/3rds of the Defendant's 2015 tax refunds on the basis that the Defendant's voluntary conversion of his Chapter 13 to Chapter 7under all the circumstances and after receipt and conversion of the 2014 tax refunds was in bad faith.

16. In an attempt to settle, the Defendant has tendered the amount of $1,361.00.

17. Due to the Defendant's failure to timely produce copies of the original 2014 State and Federal tax returns and a copy of divorce decree, the Plaintiff filed a motion to extend deadline for filing complaints concerning debtor's discharge and a motion for turnover order on December 7, 2015 (Doc. #41). The Defendant did not respond to the motion. The Defendant did not respond to the proposed turnover order. There being no opposition, and for cause otherwise appearing, the Court entered an Order Extending the Deadline For Filing Complaints Concerning the Debtor's Discharge and Turnover Order on January 6, 2016 (Doc. #44).

18. Under the turnover order, the copies of the original 2014 tax returns and a copy of the Defendant's divorce decree were to have been produced by January 20, 2016. The Defendant has failed to timely produce the documents to date and failed to timely comply with the Court's turnover order.

19. The Defendant was reminded by and through counsel that the Plaintiff had received nothing in response to the October 28, 2015 email and the Court's January 6, 2016 turnover order on March 4, 2016. As of the date of the filing of this complaint, the Defendant has failed to respond to or comply with the Court's turnover order or the Plaintiff's written requests for turnover of the divorce decree and copies of the original tax returns.

## FIRST CLAIM FOR RELIEF

20. The Plaintiff incorporates by reference the prior allegations of this Complaint.

21. The Defendant, with the intent to hinder, delay or defraud creditors or the Plaintiff, has transferred, removed, concealed, failed to turnover, and converted property of the estate after the date of the filing of the bankruptcy petition.

22. Said conversion of the tax refunds and property of the bankruptcy estate by the Defendant was in breach and violation of the Defendant's Chapter 13 plan and the Court's confirmation order.

23. The Defendant's plan expressed an intent of the Defendant to contribute the tax refunds to the funding of the Chapter 13 plan and the repayment of creditors. The Defendant's conversion of the tax refunds and failure to contribute the refunds to the Chapter 13 plan in accordance with the Defendant's intent demonstrates an intent to avoid the trustees and creditors and intent to hinder, delay or defraud creditors.

24. The Defendant's present Chapter 13 case was the second Chapter 13 case of the Defendant. The Defendant was aware of his responsibilities and obligations to contribute his tax refunds. The Defendant's conversion of the tax refunds was a wilful and intentional act and breach to violate the plan and the confirmation order and to hinder, delay or defraud creditors that would have been paid through the contribution to the plan.

25. The Plaintiff is entitled to a judgment against the Defendant denying the Defendant a discharge with prejudice under §727(a)(2) of the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF

26. The Plaintiff incorporates by reference the prior allegations of this Complaint.

27. The Defendant has knowingly and fraudulently, in or in connection with this case, withheld from the Plaintiff, recorded information, including books, documents, records and papers

relating to the Defendant's property or financial affairs, including copies of the Defendant's divorce decree and the State and Federal 2014 tax returns originally filed by the Defendant.

28. The Defendant should be denied a discharge under §727(a)(4)(D).

### THIRD CLAIM FOR RELIEF

29. The Plaintiff incorporates by reference the prior allegations of this Complaint.

30. The Defendant has violated and breached the confirmation order of the Court. The Defendant has also violated and breached Local Rule 4002-1.

31. The Defendant did not oppose or respond to the Plaintiff's motion for turnover order. The Defendant did not oppose or respond to the proposed turnover order. The Defendant has never requested relief from the turnover order.

32. The Defendant has failed to meet his burden of demonstrating why his violation of the Court's turnover orders should not be deemed a refusal to obey a lawful order of the Court.

33. The Defendant has refused to obey a lawful order of the Court.

34. The Defendant should be denied a discharge under §727(a)(6)(A) of the Bankruptcy Code.

### FOURTH CLAIM FOR RELIEF

35. The Plaintiff incorporates by reference the prior allegations of this Complaint.

36. The Defendant acquired property that is property of the bankruptcy estate, or became entitled to acquire property that would be property of the bankruptcy estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property or the appropriate portion of such property to the Chapter 13 Trustee.

37. The Defendant should be denied a discharge under §727(d)(2) of the Bankruptcy Code and §727(a)(2) to the extent that the elements of §727(d)(2) meet the elements of §727(a)(2).

38. The Defendant should be denied a discharge under §727(d) and (a)(2) of the Bankruptcy Code.

### FIFTH CLAIM FOR RELIEF

39. The Plaintiff incorporates by reference the prior allegations of this Complaint.

40. The Defendant's voluntary conversion of his Chapter 13 case after violation of the confirmation order, breach and violation of his own plan, and in response to four motions of the Chapter 13 Trustee to dismiss the Defendant's case demonstrates that the Defendant's Chapter 13 case was converted to Chapter 7 in bad faith.

41. The Defendant converted the case only after receiving the bankruptcy protections afforded by Chapter 13, while in the meantime receiving and converting property of the bankruptcy estate (tax refunds) and then converting the Chapter 13 case to Chapter 7 only after he had received and converted his 2014 tax refunds.

42. The Court should declare that the Defendant's voluntary conversion of the Chapter 13 case to Chapter 7 was in bad faith in view of the timing and the motive to convert the Chapter 13 case to a Chapter 7.

43. The Defendant should determine that property of the Defendant or property to which the Defendant was entitled as of the date of conversion of the case is property of the estate under §348(f)(2) of the Bankruptcy Code. This Court should declare that 2/3rds of the Defendant's 2015 tax refunds is property of the bankruptcy estate and the Defendant should be ordered to turnover the bankruptcy estate's portion of the 2015 tax refunds as well as copies of the prepared and filed 2015 tax returns upon filing.

44. Wherefore, the Plaintiff requests an order of the Court declaring that the Defendant's conversion of the Chapter 13 case to Chapter 7 was in bad faith and that property of the estate of the present Chapter 7 case includes property of the Defendant as of the date of the conversion of the case, including approximately 2/3rds of his 2015 tax refunds. The Court should also order the Defendant to turnover copies of prepared and filed tax returns and turnover the appropriate portion of the tax refunds to the Chapter 7 Trustee.

## SIXTH CLAIM FOR RELIEF

45. The Plaintiff incorporates by reference the prior allegations of this Complaint.

46. The Defendant is the transferee of an unauthorized post-petition transfer of property which was property of the bankruptcy estate or that portion of the Defendant's 2014 tax refunds that should have been turned over to the Chapter 13 Trustee.

47. Wherefore, the Plaintiff is entitled to a money judgment against the Defendant under §549 of the Bankruptcy Code in the amount of $1,198.00, plus 9/12ths of the 2014 State refund received by the Defendant.

WHEREFORE, the Plaintiff requests relief and remedy against the Defendant as follows:

1. An appropriate judgment or order denying the Defendant a discharge with prejudice under §727 of the Bankruptcy Code, including, though not limited to, §727(a)(2)(4)(6) and §727(d).

2. A money judgment for the Plaintiff against the Defendant in the amount of no less than $1,198.00 plus 9/12ths of the 2014 State refund received by the Defendant.

3. An order declaring that the Defendant's conversion from Chapter 13 to Chapter 7 was in bad faith and that the Plaintiff is entitled to approximately 2/3rds of the Defendant's 2015 tax refunds.

4. Such other relief and remedy as deemed appropriate by the Court.

DATED this __1__ day of March, 2016.

        McKAY, BURTON & THURMAN

        By _____
          Stephen W. Rupp
          Attorneys for Chapter 7 Trustee/Plaintiff